IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

**ALLMERICA FINANCIAL LIFE INSURANCE AND ANNUITY COMPANY,**

       **Plaintiff,**

       **v**

**JOHN DALESSIO,**

       **Defendant.**

_____/

No  C 96-0385 VRW

ORDER

As the parties are aware, all merits-related issues have now been decided and all that remains is entry of judgment. Allmerica must first elect its remedy.

On the claims for rescission and restitution, Allmerica is entitled to $245,228.09 (benefits paid by Allmerica less premiums paid by Dalessio) plus pre-judgment interest thereon from December 18, 1995, through entry of judgment at the rate provided by California law. On the fraud claim, Allmerica is entitled to $250,000 in compensatory damages and $300,000 in punitive damages awarded by the jury. Allmerica waived its right to pre-judgment

interest on the fraud claim by failing to request a proper jury instruction.  See Cal Civ Code § 3288 (providing that pre-judgment interest in actions for breach of non-contractual obligations is a matter for the jury); Barry v Raskov, 565 Cal App 3d 447, 457 (1991) (reversing trial court's award of pre-judgment interest, which "usurp[ed] the discretion conferred on the jury" by § 3288).

      Allowing Allmerica to recover both restitution and compensatory damages on its fraud claim would be to allow a double recovery.  Allmerica must therefore elect between restitution and compensatory damages on its fraud claim.  See Cal Civ Code § 1692. Allmerica's choice between restitution and compensatory damages, however, does not affect its ability to recover punitive damages. See Cobian v Ordonez, 103 Cal App 3d Supp 22, 28-29 (1980) (rescission for fraud does not preclude recovery of punitive damages based on the fraud as long as relief does not "include duplicate or inconsistent items of recovery").  And, of course, Allmerica is entitled to post-judgment interest on the full amount of the judgment at the rate provided by federal law.

      Allmerica shall file a statement of its election of remedies on or before June 9, 2006, at which time the clerk will enter judgment accordingly.

      SO ORDERED.

_____
VAUGHN R WALKER
United States District Chief Judge